UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 4:19-cr-459 |
| | § | |
| SAMANTHA RAY SANDERS, | § | |
| *Defendant*. | § | |

## ORDER REVOKING BOND

On July 6, 2021, the Court held a hearing on the Government's Petition for Action on Conditions of Pretrial Release. ECF No. 37. Defendant plead true to the charges. The court finds that Defendant violated conditions of release and is unlikely to abide by any conditions of release. *See* Bail Reform Act, 18 U.S.C. §§ 3148(b)(1)(B) and (b)(2)(B). The uncontroverted facts at the hearing established the following:

The Court (Judge Frances Stacy) released Defendant on bond on July 17, 2019. ECF Nos. 12, 13. The conditions of release included refraining from the unlawful use of narcotic drugs and commitment to a program of inpatient substance abuse therapy. ECF No. 13. The petition from Pretrial Services ("PTS") recited previous court action as follows:

1. On March 2, 2020, the Court held a bond revocation hearing because Defendant removed her GPS monitoring device without permission and

left the residential substance abuse treatment center. ECF No. 37. At that time, the Court ordered Defendant to return to the treatment center and remain there until trial. In addition, the Court ordered her not to have contact with Frank Roberts. *Id.* The Court modified her conditions of release to remove the GPS monitor requirement.

2. On March 26, 2020, the Court took no action on a petition alleging Defendant violated the conditions of her release because she had contact with Frank Roberts, tested positive for marijuana, and admitting taking other drugs. *Id.*

3. On June 25, 2020, the Court held another bond revocation hearing based on allegations that Defendant left the substance abuse treatment facility without permission and did not keep in contact with PTS. *Id.* The Court again ordered Defendant to return to the residential substance abuse treatment facility and remain there until trial and to participate in mental health treatment. *Id.*

4. The Court denied a subsequent motion for defendant to reside with her mother. At the hearing on this bond revocation, the PTS Officer informed the Court that Defendant's mother did not qualify as her custodian and her home was not approved because of her mother's criminal record and parole.

5. On August 31, 2020, Defendant was unsuccessfully discharged from her third residential substance abuse facility because she was in a physical altercation with another patient. *Id.* Defendant left the facility and reportedly was living with her mother even though her mother's home was not approved. *See id.*

Judge Stacy, who issued the bond, signed an order for issuance of a warrant on this petition on September 4, 2020. PTS testified at the hearing that, in September, the U.S. Marshals went to Defendant's mother's house to arrest her, but she was not there. PTS spoke with Defendant, and she said she would turn herself in. She did not. Defendant was not arrested until March 2021, six months after the warrant issued. For unexplained reasons, PTS was unaware of Defendant's arrest, and it took months to have her transferred to Houston for her supervised release violation hearing. She has been in detention since March.

Revocation of supervised release is governed by 18 U.S.C. § 3148. Pursuant to 18 U.S.C. § 3148(b)(1)(B), the court finds by clear and convincing evidence that Ms. Sanders has violated the terms of her pretrial release. Due to her repeated drug use, failure to successfully complete the drug and mental health treatment, and failure to turn herself in after she said she would, the court finds, pursuant to 18 U.S.C. § 3148(b)(2)(B), that Ms. Sanders is unlikely to abide by any condition or combination of conditions of release. Furthermore, Defendant has not provided the

Court with any viable alternatives to detention. Ms. Sander's has no place to live that PTS has approved and has no third-party custodian that meets PTS' requirements. She has already failed treatment at three different facilities. Thus, there is no place that the Court can place her pending trial other than in custody. Therefore, the Government's Petition is **GRANTED**, Defendant's bond is hereby **REVOKED** and the Marshal is **ORDERED** to detain Defendant in custody for proceedings before U.S. District Judge Al Bennett.

Signed at Houston, Texas, on July 6, 2021.

_____ *Dena Palermo*

Dena Hanovice Palermo
United States Magistrate Judge